**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**James Houston ANDERSON,
Defendant—Appellant.**

**No. 02–35666.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 2003.

Decided Aug. 28, 2003.

As Corrected Nov. 6, 2003.

Peter O. Mueller, Esq., Seattle, WA, for Plaintiff–Appellee.

Larry Setchell, Esq., Seattle, WA, for Defendant–Appellant.

Before: BROWNING, ALARCÓN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

James Anderson seeks recovery of attorneys fees under the Hyde Amendment, 18 U.S.C. § 3006A, arguing that he spent over $128,000 defending against eight allegedly "vexatious" and "frivolous" criminal charges that were dismissed before trial. Anderson had been indicted, along with a business partner, Kim Powell, and two others, for the fraudulent sale of a reconstructed military helicopter. The district court denied Anderson's Hyde Amendment motion, concluding that there was no evidence of prosecutorial misconduct. We have jurisdiction to hear Anderson's appeal under 28 U.S.C. § 1291. After a careful review of the record, we affirm.[1]

We review a district court's Hyde Amendment ruling for abuse of discretion. *United States v. Sherburne*, 249 F.3d 1121, 1125 (9th Cir.2001). The Hyde Amendment provides prevailing criminal defendants with attorney's fees and litigation costs where "the position of the United States" is found to be "vexatious, frivolous, or in bad faith...." 18 U.S.C. § 3006A. As we held in *Sherburne*, "[t]he Hyde Amendment permits fees to be recouped ... when the prosecution was unwarranted because it was *intended to harass* and *without sufficient foundation.*" *Id.* at 1127 (emphasis added). In short, the Hyde Amendment is "targeted at prosecutorial misconduct, not prosecutorial mistake." *United States v. Braunstein*, 281 F.3d 982, 995 (9th Cir.2002) (citation omitted).

A defendant bears the burden of proof of establishing that he is qualified to receive an award under the Hyde Amendment. *Id.* at 994. Although Anderson

established that the charges against him were eventually dropped, and that the government's concern with the use of military parts for civilian helicopters may have been unwarranted, Anderson failed to address the central allegation of the indictment: that he acted with Powell to fraudulently pass off a rebuilt military helicopter as a more valuable civilian model, through the use of a counterfeit data plate and a forged bill of sale. Such misrepresentations, in the context of a scheme to defraud others, placed the defendants' behavior squarely within the scope of federal criminal fraud statutes. *See United States v. Garlick*, 240 F.3d 789, 794–95 (9th Cir. 2001) (falsification of FAA mandated aircraft part records supported conviction under the federal wire fraud statute).

■ All of the alleged co-conspirators, other than Anderson, signed plea agreements on behalf of their companies, admitting that they had knowingly violated FAA regulations that prohibit falsifying aircraft logbooks and data plates. This scheme formed a reasonable basis for a criminal indictment against the companies' officers, and Anderson failed to show that the government's investigation was in any way "vexatious," "frivolous," or intended to annoy or harass. Therefore, the district court did not abuse its discretion in denying his Hyde Amendment claim.

■ We also address Anderson's procedural claim, and conclude that the district court did not err in denying the discovery of the grand jury transcripts. The Hyde Amendment provides that "the court, for good cause shown, may receive evidence ex

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In light of our decision on the merits, Appellee's Motion to Strike Appendix C to Appellant's Brief and All Reference and Arguments Relying on this Document is denied as moot.

parte and in camera (which shall include the submission of classified evidence ... that reveals ... matters occurring before a grand jury) and evidence or testimony so received shall be kept under seal." 18 U.S.C. § 3006A. This language gives the court wide evidentiary latitude with respect to evaluating a petitioner's motion for fees and costs.

Anderson complains that because there may have been government malfeasance in this case, the absence of a record of the grand jury proceedings creates a testimonial vacuum. However, there is no authority that compels discovery of those records, other than the discretionary language of the Hyde Amendment and the court's ability to exercise its "inherent powers." We hold that the district court did not abuse its discretion in deciding that Anderson had not shown the good cause necessary to warrant discovery of the grand jury testimony. The court was not required by law to engage in any further investigation of the FAA's conduct in this matter. The showing made by the government with regard to Anderson's involvement in the alleged crimes was sufficient to obviate the court's need for further discovery, and to form a reasonable basis for the indictment.

**AFFIRMED.**